United States District Court
Southern District of Texas
**ENTERED**
November 18, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION H-04-0284 |
| RICHARD A. CAUSEY and JEFFREY SKILLING, | § § § | |
| Defendants. | § | |

### OPINION AND ORDER GRANTING SUMMARY JUDGMENT

Pending before the Court in the above referenced cause is Plaintiff Securities and Exchange Commission's ("SEC's") motion for summary judgment against Defendant Jeffrey K. Skilling (instrument #57).[1]

In Defendant Jeffrey K. Skilling's reply [response] (#58), Counsel for Skilling, Daniel M. Petrocelli, clearly and unambiguously states,

Given the close connectedness of the SEC complaint in this case to Jeffrey Skilling's criminal indictment[2]-- both of which were announced at the same time, tracked the same factual and legal theories directly, and were brought by what the United States District Court for the

---

[1] The SEC settled with defendant Richard A Causey and final judgment was entered on February 7, 2007 (#37). The other original Defendant, Kenneth Lay, died on July 5, 2006 and was dismissed on January 7, 2010 (#44).

[2] *U.S. v. Jeffrey Skilling and Richard Causey*, CR No. H-04-25.

Southern District of Texas (Hon. Sim Lake) held were cooperating federal agencies--Jeffrey Skilling does not oppose the narrow, focused summary judgment sought by the SEC in this case in order to bring this long pending civil case to an end. *See* Dkt. No. 57, While Mr. Skilling disagrees with certain factual and legal claims made in the SEC's submission (as well as the need for relief sought), none of the disputed points are material enough to prevent this long-pending case from reaching the conclusion that the SEC seeks in its proposed final judgment. *See* Dkt. No. 57-14. Significant public resources have been expended on Enron-related matters, and Skilling, like the SEC, agrees this case can and should come to an end.

## Standard of Review

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the court determines that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The district court must grant summary judgment "if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Loby, Inc.*, 477 U.S. 242, 250 (1986). SEC has attached hundreds of pages of documentary evidence in support of its motion.

"When a party does not file an opposition to a motion for summary judgment, the district court is permitted to consider the facts listed in support of the motion a undisputed and grant summary judgment if they show that the movant is entitled to judgment in his favor." *Jegart v. Roman Catholic Church of Diocess*

*of Houma Thibodeaux*, 384 Fed. Appx. 398, 400 (5th Cir. June 30, 2010), *citing Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).  Here Defendant Skilling not only chose not to file opposition, but expressly conceded that there were no genuine issues of material fact and that summary judgment should be granted in favor of the SEC.  SEC submits an extensive "Statement of Undisputed Material Facts" in support of its motion for summary judgment.  #57-1.

**SEC's Motion for Summary Judgment (#57)**

The SEC moves for summary judgment against Jeffrey Skilling on claims 1, 3, 4, 5, and 6 of the Second Amended Complaint (#28)[3] based on the doctrine of offensive collateral estoppel because Skilling was convicted and adjudicated guilty in the parallel criminal case for conduct that includes the violations asserted by the SEC against Skilling in this civil case.

To apply offensive collateral estoppel to bar relitigation of an issue previously decided by a court of competent jurisdiction, the SEC must show "(1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there

---

[3] Claim 2 was not alleged against Skilling.  The motion does not rely on those counts on which Skilling was not convicted.

is no special circumstance[4] that would make it unfair to apply the doctrine." *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 391 (5th Cir, 1998), *cert. denied*, 526 U.S. 1034 (1999), *citing Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979), and *Copeland v. Merrill Lynch & Co.*, 47 F.3d 1415, 1422 (5th Cir. 1995).  A district court has broad discretion to determine whether the offensive collateral estoppel bar should apply.  *Id.* at 392.

If the prior suit is a criminal case, followed by a civil suit, the general rule is that collateral estoppel applies, regardless of whether the prior criminal conviction was based on a jury verdict or a guilty plea.  *Brazzell v. Adams*, 493 F.2d 489, (5th Cir. 1974); *U.S. v. Ledesma*, 33 F. Supp. 3d 734, 744 (S.D. Tex. 2012).  As a matter of law the use of a criminal conviction to establish an issue "is conclusive . . . against the criminal defendant in a subsequent civil action "because of the higher standard of proof and greater procedural protection in a criminal prosecution."  *U.S. v. Thomas*, 709 F.2d 968, 972 (5th Cir. 1983), *citing In the Matter of Raiford, v. Abney*, 695 F.2d 521, 523 (11th Cir. 1983)("The use of a criminal conviction as conclusive of an

---

[4] *Parklane Hosiery*, 439 U.S. at 330-31, set out three special circumstances that would make issue preclusion unfair, none of which are applicable here:  (1) when the plaintiff easily could have joined the previous action but chose not to; (2) if the defendant had little incentive to defend vigorously (e.g., he was sued only for nominal damages or if future suits were not foreseeable); and (3) if the judgment upon which the plaintiff seeks to rely is itself inconsistent with a previous judgment in favor of the defendant.  *Winters*, 149 F.3d at 391.

issue in subsequent civil litigation . . . is well established today. . . . Because the complainant's standard of proof is higher, and greater procedural protections attach in a criminal prosecution, a conviction is a sufficiently reliable determination of the relevant issue.")(citing cases); *in accord, State Farm Fire and Cas. Co. v. Fullerton*, 118 F.3d 374, 378 (5th Cir. 1997).[5]

In its motion SEC has detailed the specific claims in its Second Amended Complaint, listed the facts supporting them, and shown with documentary evidence and discussion their parallels in the criminal action against Skilling, of which he was found guilty. #57 at pp. 8-22.

For remedies, providing in depth factual support and legal authority (#57 at pp. 22-29), SEC requests (1) a permanent injunction against Skilling to prevent future violations of the applicable securities laws (i.e., violation or aiding and abetting violations of the Exchange Act §§ 10(b), 13(a), 13(b)(2)(A), and 13(b)(5), and of Rules 10b-5, 12b-20, 13a-1, 13b2-1, and 13b2-2)) and (2) an order preventing Skilling from acting as an officer or director of a publicly held company.

After carefully reviewing SEC's motion for summary judgment and Skilling's statement of nonopposition, the Court concludes that there are no genuine issues of material fact and SEC is entitled to

---

[5] This case was stayed, pending the resolution of the criminal case (#20).

summary judgment as a matter of law.  Accordingly, the Court

ORDERS that SEC's motion for summary judgment is GRANTED.

Final judgment shall issue by separate order.

**SIGNED** at Houston, Texas, this  18th  day of  November , 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE