Case 4:04-cv-00284 Document 57-14 Filed in TXSD on 11/05/15 Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
November 18, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 4:04-cv-00284 |
| v. | ) ) | Judge Melinda Harmon |
| RICHARD A. CAUSEY and JEFFREY K. SKILLING, | ) ) ) | |
| Defendants. | ) ) | |

## FINAL JUDGMENT AS TO DEFENDANT JEFFREY K. SKILLING

This matter having come before the Court on the Plaintiff Securities and Exchange Commission's ("SEC" or "Commission") motion for summary judgment against Defendant Jeffrey K. Skilling ("Skilling"), the Court having granted such motion for good cause shown, and the Court having found that Skilling committed and is liable for the following violations:

1. Skilling is liable for violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] promulgated thereunder (Claim 1 of the SEC's Second Amended Complaint);

2. Skilling is liable for aiding and abetting violations of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-1 [17 C.F.R. §§ 240.12b-20 and 240.13a-1] promulgated thereunder (Claim 3 of the SEC's Second Amended Complaint);

3. Skilling is liable for aiding and abetting violations of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A)] and is liable for violating Rule 13b2-1 thereunder [17 C.F.R. §240.13b2-1] (Claim 4 of the SEC's Second Amended Complaint);

1

4.  Skilling is liable for violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] (Claim 5 of the SEC's Second Amended Complaint); and

5.  Skilling is liable for violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] (Claim 6 of the SEC's Second Amended Complaint).

I.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that final judgment is entered in favor of the SEC and against Defendant Skilling on Claims 1, 3, 4, 5 and 6 of the SEC's Second Amended Complaint.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Skilling is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Skilling is permanently restrained and enjoined from aiding and abetting any violations of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-1 [17 C.F.R. §§ 240.12b-20 and 240.13a-1] promulgated thereunder, by knowingly providing substantial assistance to an issuer that:

    (a)    fails to file with the SEC the information, documents and reports required under Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and Rule 13a-1 [17 CFR § 240.13a-1]; or

    (b)    fails to include in the statements or reports filed with the SEC such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under they are made not misleading, in violation of Rule 12b-20 [17 CFR § 240.12b-20] promulgated under the Exchange Act.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Skilling is permanently restrained and enjoined from aiding and abetting violations of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A)], by knowingly providing substantial assistance to an issuer that fails to make and keep books, records, and accounts, which in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Skilling is permanently restrained and enjoined from violating Rule 13b2-1 [17 C.F.R.

§240.13b2-1] under the Exchange Act, by directly or indirectly falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A)].

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Skilling is permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act) [15 U.S.C. § 78m(b)(5)] by knowingly falsifying any book, record or account reflecting the transactions and dispositions of assets of an issuer that are required to be kept under Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A)].

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Skilling is permanently restrained and enjoined from violating Rule 13b2-2 under the Exchange Act [17 C.F.R. §240.13b2-2] by:

    (a)    making or causing to be made a materially false or misleading statement, or

    (b)    omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading,

to an accountant in connection with (1) any audit or examination of the financial statements of an issuer subject to Rule 13b2-2 [17 C.F.R. § 240.13b2-2] promulgated under the Exchange Act., or (2) the preparation or filing of any or report required to be filed with the SEC, as described in Rule 13b2-2.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), paragraphs II, III, IV, V, VI and VII, set forth above, also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Skilling is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Entered this __18th__ day of __November__, 2015.

_Melinda Harmon_
Melinda Harmon
United States District Judge

5